**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**LAWRENCE LEITGEB**

                       **Plaintiff,**

                       **v.**

**STERLING INFOSYSTEMS, INC.**

                       **Defendant.**
-------------------------------------------------------x

: **CIVIL ACTION NO.** 15-9909

:

: **JURY TRIAL DEMANDED**

:

: **COMPLAINT**

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Lawrence Leitgeb, against Defendant Sterling Infosystems, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C §§ 1681 *et seq.*, as amended.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Lawrence Leitgeb is an adult individual residing in Martin, GA.

5. Defendant Sterling Infosystems, Inc. ("Sterling") is a consumer reporting agency that regularly conducts business in the Southern District of New York and which has its headquarters and a principal place of business located at 1 State Street Plaza, 24th Floor, New York, NY 10004.

**FACTUAL ALLEGATIONS**

6. In or around March 2004, Plaintiff was arrested and charged with a misdemeanor and felony.

7. Plaintiff entered a plea pursuant to the Probation of First-Offenders Act (OGGA 42-8-60, *et. seq.*).

8. Plaintiff fulfilled his probation obligations as ordered and became eligible for discharge of the above stated misdemeanor and felony with the Probation of First-Offenders Act (OGGA 42-8-60, *et. seq.*).

9. In or around June 2007, an order of discharge in accordance with the provisions of the Probation of First-Offenders Act (OGGA 42-8-60, *et. seq*) was granted for the above stated misdemeanor and felony and the discharge order was entered on the public record ("discharge order").

10. The Probation of First-Offenders Act (OGGA 42-8-60, *et. seq.*) and discharge order directs that:

    (a) A Defendant be charged without court adjudication of guilt;

    (b) That the discharge shall completely exonerate the defendant of any criminal purpose;

    (c) That the discharge shall not affect any of said defendant's civil rights or liberties;

    (d) The Defendant shall not be considered to have a criminal conviction; and

    (e) The discharge may not be used to disqualify a person in any application for employment or appointment to office in either the public or private sector.

11. In or around May 2015, Plaintiff applied for employment at Stockton

Telecommunications Company, Inc. ("Stocktel").

12. As part of his job application, Plaintiff signed a document purportedly authorizing Stocktel to obtain a consumer report for employment purposes.

13. Stocktel requested a consumer report from Sterling, and Sterling sold to Stocktel a consumer report concerning the Plaintiff on or around May 2015.

14. The report furnished by Sterling was for employment purposes.

15. Sterling has been improperly reporting, and did here report, time-barred, false, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties ("inaccurate information").

16. The inaccurate information includes, but is not limited to, a 2004 felony and misdemeanor arrest and subsequent felony and misdemeanor conviction.

17. Sterling is inaccurately reporting a felony and misdemeanor arrest and conviction. This arrest and conviction should have been removed from the Plaintiff's criminal file and report in 2007 in accordance with the actual public record discharge order pursuant to OGGA 42-8-60, *et. seq*.

18. Sterling is also inaccurately reporting the felony and misdemeanor arrests well past the seven years that it is entitled to report an arrest. These arrests should have been removed from the Plaintiff's criminal file and report in 2011. 15 U.S.C. § 1681c(a)(5).

19. Sterling failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. Had Sterling followed such procedures it would have never falsely reported an inaccurate felony and misdemeanor conviction and a time-barred misdemeanor and felony arrest on Plaintiff's consumer report.

20. Subsequent to his application and the sale of a Sterling consumer report to Stocktel, Plaintiff was denied employment and Plaintiff was informed by Stocktel that the basis for this denial was the inaccurate felony and misdemeanor information that appears on Plaintiff's Sterling consumer report and that the inaccurate information was a substantial factor for denial.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA
## (PLAINTIFF v. STERLING)

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. At all times pertinent hereto, Sterling was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

25. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Sterling is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § §1681c(a) and 1681e(b).

28. The conduct of Sterling was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Sterling is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

29. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

*/s/ Adam G. Singer*

Adam G. Singer

                                                Law Office of Adam G. Singer, PLLC
                                                60 E. 42nd Street, Suite 4600,
                                                New York, NY 10165
                                                asinger2@alumni.law.upenn.edu
                                                212.842.2428
                                                Attorney Bar # AS7294
                                                ***Attorney for Plaintiff***

DATED: December 20, 2015