**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

|  |  |  |
|---|---|---|
| LAWRENCE LEITGEB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-cv-09909 |
| | ) | |
| STERLING INFOSYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

_____ )

## ANSWER OF DEFENDANT STERLING INFOSYSTEMS, INC.

STERLING INFOSYSTEMS, INC. ("Sterling" or "Defendant"), by and through undersigned counsel, states the following for its Answer to the Complaint of Plaintiff Lawrence Leitgeb ("Plaintiff"):

### PRELIMINARY STATEMENT

1.      In response to Paragraph 1, Sterling admits that Plaintiff seeks to assert claims against Sterling under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA"), but Sterling denies violating the FCRA and further denies that Plaintiff is entitled to the relief requested herein.

### JURISDICTION AND VENUE

2.      In response to Paragraph 2, Sterling admits that Plaintiff has alleged jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331, 1337.  Sterling states that this is a legal conclusion which requires no response from Sterling.  To the extent that a response is required, Sterling states that this Court has jurisdiction over certain claims pursuant to the statutes cited by Plaintiff, but denies that any conduct by Sterling gives rise to any liability in favor of Plaintiff.

3.      In response to Paragraph 3, Sterling admits that Plaintiff has alleged that venue is proper pursuant to 28 U.S.C. § 1391(b).  Sterling states that this is a legal conclusion which requires no response from Sterling.

## PARTIES

4.      In response to Paragraph 4, Sterling admits that Plaintiff is an adult individual but lacks information sufficient to admit or deny the allegation that Plaintiff resides in Martin, Georgia.

5.      In response to Paragraph 5, Sterling admits that its headquarters are located at 1 State Street Plaza, 24th Floor, New York, New York, 10004 and that it conducts business in the Southern District of New York.  Sterling states that the remaining allegations therein constitute legal conclusions which require no response from Sterling.

## FACTUAL ALLEGATIONS

6.      In response to Paragraph 6, Sterling states that any public records identified by Plaintiff speak for themselves and Sterling denies any allegations inconsistent therewith.  Sterling is without knowledge or information sufficient to form a belief as to the truth of any additional allegations in Paragraph 6, and therefore, denies the same.

7.      In response to Paragraph 7, Sterling states that any public records identified by Plaintiff speak for themselves and Sterling denies any allegations inconsistent therewith.  Sterling is without knowledge or information sufficient to form a belief as to the truth of any additional allegations in Paragraph 7, and therefore, denies the same.

8.      In response to Paragraph 8, Sterling states that any public records identified by Plaintiff speak for themselves and Sterling denies any allegations inconsistent

therewith.  Sterling is without knowledge or information sufficient to form a belief as to the truth of any additional allegations in Paragraph 8, and therefore, denies the same.

9.      In response to Paragraph 9, Sterling states that any public records identified by Plaintiff speak for themselves and Sterling denies any allegations inconsistent therewith.  Sterling is without knowledge or information sufficient to form a belief as to the truth of any additional allegations in Paragraph 9, and therefore, denies the same.

10.      In response to Paragraph 10, Sterling states that any public records identified by Plaintiff speak for themselves and Sterling denies any allegations inconsistent therewith.  Sterling is without knowledge or information sufficient to form a belief as to the truth of any additional allegations in Paragraph 10, and therefore, denies the same.

11.      Sterling is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and therefore, denies the same.

12.      In response to Paragraph 12, Sterling states that any document signed by Plaintiff as a part of his job application speaks for itself and Sterling denies any allegations inconsistent therewith.  Sterling is without knowledge or information sufficient to form a belief as to the truth of any additional allegations in Paragraph 12, and therefore, denies the same.

13.      In response to Paragraph 13, Sterling admits that it received a request from Stockton Telecommunications Company, Inc. ("Stocktel"), to prepare a background report regarding Plaintiff, and that Sterling prepared a background report regarding Plaintiff which was completed in or around May 2015.  Sterling denies the remaining allegations of Paragraph 13, if any, and demands strict proof thereof.

14.      In response to Paragraph 14, Sterling states that the allegations therein constitute legal conclusions which require no response from Sterling.

15.     Sterling denies the allegations of Paragraph 15 and demands strict proof thereof.

16.     Sterling denies the allegations of Paragraph 16 and demands strict proof thereof.

17.     In response to the first sentence of Paragraph 17, Sterling states that any background report it prepared regarding Plaintiff speaks for itself and Sterling denies any allegations inconsistent therewith.  In response to the second sentence of Paragraph 17, Sterling states that the allegations therein constitute legal conclusions which require no response from Sterling.  Sterling denies the remaining allegations of Paragraph 17, if any, and demands strict proof thereof.

18.     In response to the first sentence of Paragraph 18, Sterling states that any background report it prepared regarding Plaintiff speaks for itself and Sterling denies any allegations inconsistent therewith.  In response to the second sentence of Paragraph 18, Sterling states that the allegations therein constitute legal conclusions which require no response from Sterling.  Sterling denies the remaining allegations of Paragraph 18, if any, and demands strict proof thereof.

19.     Sterling denies the allegations of Paragraph 19 and demands strict proof thereof.

20.     Sterling is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies the same.

21.     In response to Paragraph 21, Sterling states that the allegations therein constitute legal conclusions which require no response from Sterling.

22.     Sterling denies the allegations of Paragraph 22 and demands strict proof thereof.

## COUNT I – VIOLATIONS OF THE FCRA

## (PLAINTIFF v. STERLING)

23.    In response to Paragraph 23, Sterling incorporates by reference its responses to Paragraphs 1-22 as if set forth in full herein.

24.    In response to Paragraph 24, Sterling states that the allegation that Sterling was a "person" or "consumer reporting agency" as defined under the FCRA constitutes a legal conclusion which requires no response from Sterling.

25.    In response to Paragraph 25, Sterling states that the allegation that Plaintiff was a "consumer" as defined under the FCRA constitutes a legal conclusion which requires no response from Sterling.

26.    In response to Paragraph 26, Sterling states that the allegation that the background report identified by Plaintiff was a "consumer report" as that term is defined under the FCRA constitutes a legal conclusion which requires no response from Sterling.

27.    Sterling denies the allegations of Paragraph 27 and demands strict proof thereof.

28.    Sterling denies the allegations of Paragraph 28 and demands strict proof thereof.

## JURY TRIAL DEMAND

29.    Sterling admits that Plaintiff demands a jury trial in Paragraph 29, but states that any allegation as to Plaintiff's entitlement to a jury trial constitutes a legal conclusion which requires no response from Sterling.  Sterling further denies any conduct by Sterling that gives rise to liability in favor of Plaintiff.

## PRAYER FOR RELIEF

30.    Sterling denies that Plaintiff is entitled to the damages and relief requested in Plaintiff's "WHEREFORE" clause of the Complaint including subparts (a) through (e).

5

31.     Sterling denies all allegations contained in Plaintiff's Complaint that are not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a viable claim against Sterling upon which the relief requested may be granted.

2.      Plaintiff's Complaint fails to provide sufficient facts to state a viable claim against Sterling upon which the relief requested may be granted.

3.      Sterling denies that it violated any provisions of the FCRA as alleged in the Complaint.

4.      Sterling denies that it is liable to Plaintiff in any amount or for any reason.

5.      Plaintiff's claims are barred, in whole or in part, because he suffered no damages as a result of Sterling's conduct.

6.      Plaintiff's damages, if any, were caused by the acts, negligence or fault of other persons or entities for whom Sterling is not legally liable or responsible.

7.      Any recovery by Plaintiff is barred to the extent Plaintiff failed to make reasonable efforts to avoid, mitigate or reduce the alleged damages.

8.      Sterling is entitled to a set-off, should any damages be awarded against it, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged injuries.  Sterling is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

9.      Sterling at all times maintained and followed reasonable procedures to assure the maximum possible accuracy of the information it reported concerning Plaintiff in compliance with the FCRA.

10.     To the extent that a violation of the FCRA is established, any such violation was not willful and occurred despite the maintenance of policies and procedures to avoid such violation.

11.     Plaintiff does not have any standing under Article III of the Constitution because he did not suffer an injury in fact and therefore there is no subject matter jurisdiction over his claims.

12.     To the extent that Plaintiff seeks an award of punitive damages, Sterling states that such an award may be unconstitutional, violating the due process rights of Sterling, and therefore, not recoverable against Sterling in this action. The Complaint is devoid of facts sufficient to constitute an action against Sterling for punitive or exemplary damages.

13.     Sterling will rely upon all other defenses that are revealed by further investigation, discovery or the presentation of evidence and reserves the right to file an amended answer or other appropriate pleading as permitted by this Court.

WHEREFORE, for the foregoing reasons, Defendant Sterling Infosystems, Inc. respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that Defendant be awarded its costs and expenses, including reasonable attorneys' fees, and all other relief the Court deems appropriate.

Dated:  March 21, 2016                          Respectfully submitted,


                                        _____/s/_____

                                        LECLAIRRYAN
                                        Stephen M. Forte
                                        885 Third Ave, 16th Floor
                                        New York, NY 10022
                                        Telephone:  (212) 634-5008
                                        Facsimile:  (212) 634-5059
                                        stephen.forte@leclairryan.com

Megan S. Ben'Ary
(*pro hac vice* application forthcoming)
2318 Mill Rd, Suite 1100
Alexandria, VA 22314
Telephone:  (703) 647-5933
Facsimile:  (703) 647-5983
megan.benary@leclairryan.com

**Counsel for Defendant Sterling Infosystems, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21th day of March, 2016, I filed a true and correct copy of the foregoing with the Court's Electronic Case Filing System, which will send a notice of electronic filing to:

Adam G. Singer
Law Office of Adam G. Singer, PLLC
60 E. 42nd Street, Suite 4600
New York, NY 10165

***Counsel for Plaintiff***

_____/s/_____
Stephen M. Forte
LECLAIRRYAN
885 Third Ave, 16th Floor
New York, NY 10022
Telephone:  (212) 634-5008
Facsimile:  (212) 634-5059
stephen.forte@leclairryan.com

***Counsel for Defendant Sterling Infosystems, Inc.***